# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL BRIAN KEITH,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICERS: LEPRETINCE MAYES, KERRY THOMAS, JEREMY McKNIGHT, SEAN ORGEN, MICHAEL DOBSON, DARRIN MITCHELL, ROMEL PETIT-FRERE, and JADA FLOWERS,<br><br>    Defendants. | Case No. CV409-148 |

# ORDER

Civil rights plaintiff Michael Keith has filed two motions to compel discovery (docs. 42 & 48), a motion for subpoenas (doc. 50), a request that the Clerk extend the time to amend or add parties (doc. 40), and a motion to amend his complaint (doc. 45). For the following reasons, all of his motions are **DENIED**.

In his first motion to compel discovery, Keith seeks an order requiring defendant Leprentice Mayes to answer fully certain

interrogatories. (Doc. 42 at 1-4.) Keith, however, has failed to furnish a "certification that [he] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1] Fed. R. Civ. P. 37(a)(1); S.D. Ga. LR 26.5. Such a certification is *required* under the Federal Rules of Civil Procedure in order to preserve limited court resources by encouraging those seeking discovery to attempt to resolve their disputes without court intervention. Since he has not provided such a certification, Keith's first motion to compel (doc. 42) is **DENIED**.

The second motion asks for an order compelling the production of certain documents. (Doc. 48.) Defendants respond that they provided a timely, if skeletal, response to the request for documents while they were compiling the actual documents. (Doc. 49.) Rather than affording defendants a reasonable amount of time to gather and mail the requested documents, Keith moved to compel their production since all of the records he requested were not produced within the "30 day[] [deadline] for the defendants to respond to this discovery request." (Doc. 48 at 1.)

---

[1] He states that he submitted a good faith letter with his *second* motion to compel, but no such letter was attached. (Doc. 48 at 3.) The Court will err on the side of caution and address that motion on the merits.

According to defendants, the documents were compiled and served by August 6, 2010. (Doc. 49 at 2.) Since defendants timely responded to Keith's request and then promptly supplemented their response once they located all of the requested materials, Keith's second motion to compel (doc. 48) is **DENIED**.

Keith next moves for the issuance of five subpoenas in accordance with Fed. R. Civ. P. 45. (Doc. 50.) His request is utterly deficient. A court supervising prisoner pro se cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes. *See, e.g.*, *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987) (a district court may properly refuse to subpoena witnesses whose testimony is merely cumulative or repetitive). Keith has made no showing as to his intended use of the requested subpoenas.

Nor, for that matter, has he shown that he can satisfy the subpoenas' ancillary requirements:

> A party is generally entitled to the Clerk of the Court's issuance of a subpoena, but he may incur significant expense in employing it. If he uses a subpoena to command a witness's appearance, he will be required to pay the witness's fees and mileage as allowed by law. Fed. R. Civ. P. 45(b)(1). Additionally, a subpoena must be served by a non-party, so [Keith] may incur the costs of a process server. *Id.*

[Keith] is further advised that he is not entitled to public funds for these expenses. Litigants must bear their own litigation expenses. While the *in forma pauperis* statute provides access to the court to an indigent litigant by permitting the waiver of prepayment of fees and costs, *see* 28 U.S.C. § 1915(a), no provision of that statute "authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron v. Grace*, 6 F.3d 147, 158-59 (3d Cir. 1993).

*Doye v. Colvin*, 2009 WL 764980 at * 1 (S.D. Ga. Mar. 23, 2009).

Accordingly, Keith's request for subpoenas (doc. 50) is **DENIED**.[2]

Next, Keith asked the Clerk for an extension of time to file motions to amend or add parties. (Doc. 40.) According to the scheduling notice, Keith was required to submit any motion to amend or add parties by July 13, 2010. (Doc. 30.) He asked the Clerk to extend that date to July 27, 2010. (Doc. 40.) The Clerk, however, has no authority to adjust those deadlines -- a court order is required. Construing Keith's request as a motion for an extension of time, it is **DENIED** as moot. Keith submitted

---

[2] Keith also addressed a letter to the Clerk requesting subpoenas. (Doc. 44.) While he provides more detail in that request, it is still unavailing. First, he is attempting to use the subpoenas to obtain records that are available under the Georgia Open Records Act. (*Id.*) He submitted Open Records Act requests, but only allowed two weeks for a response. (*Id.*) If the records are critical to the case and have not been made available by the summary judgment phase of this case, Keith may request issuance of subpoenas. In the meantime, however, his request (doc. 44) is **DENIED**. Further, Keith is once again advised that such letters are inappropriate. This is a Court of record, not a pen pal. Such requests must be made by motion. *See* Fed. R. Civ. P. 7(b).

4

his most recent motion to amend on July 9, 2010, before the July 13, 2010 deadline.

Finally, turning to Keith's motion to amend, he asks that the Court allow him to add Michael Berkow, the Chief of the Savannah-Chatham Metropolitan Police Department at the time of the incident in his complaint, and the current chief, Willie Lovett. (Doc. 45 at 1-2.) He explains that he needs to add them "to bring out all relevent [sic] information inside the regular police department, as well as inside the Internal Affairs division". (*Id.* at 2.) But Keith has not even come close to stating any sort of claim against either man. At best, it appears that he wishes to add them to the case as a discovery device, which is not a proper use for a motion to amend. Absent any factual allegations linking the proposed defendants to the actions charged in the complaint, Keith's claims against them would be subject to immediate dismissal.[3] Since leave

---

[3] If he wishes to add Chief Berkow for his supervisory role over the other officers, his claim fails. Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1948 (2009); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). Instead, Keith must demonstrate either that Berkow directly participated in the alleged constitutional deprivations or that there is some other causal connection between his acts or omissions and the alleged constitutional deprivations. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *Brown v.*

to amend is futile, Keith's motion to amend (doc. 45) is **DENIED**. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.").

**SO ORDERED** this 23rd day of August, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

*Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Keith has made no such showing.