# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL BRIAN KEITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-148 |
| | ) |
| OFFICERS: LEPRETINCE MAYES, | ) |
| KERRY THOMAS, JEREMY | ) |
| McKNIGHT, SEAN ORGEN, MICHAEL | ) |
| DOBSON, DARRIN MITCHELL, | ) |
| ROMEL PETIT-FRERE, and JADA | ) |
| FLOWERS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Michael Brian Keith moves the Court to reconsider its order denying his motion to amend his complaint to add Savannah-Chatham Metropolitan Police Department Officers Castro, Lord, Frazier, and Brown as defendants in this case. (Doc. 59.) The Court determined the motion was barred by the scheduling order's July 13, 2010 deadline for filing amended pleadings. (Doc. 57.) While Keith alleged that he did not receive an internal affairs report naming those officers until August 11, 2010, he did not show that he diligently sought the report, which is required to find Fed. R. Civ. P. 16(b)(4) "good cause" for

amending scheduling deadlines. (*Id.*)

In Keith's motion for reconsideration, he supplements his Rule 16(b) good cause showing with a declaration under penalty of perjury showing that he attempted to obtain the information for years prior to its receipt. (Doc. 59 at 6.) His showing stands unrebutted. Accordingly, the Court finds that Keith diligently pursued the report and has shown good cause to amend the scheduling order.

Next, the Court must determine whether Keith should be permitted leave to amend his complaint. While

> leave to amend is generally freely given, *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), it is by no means guaranteed. *Addington v. Farmer's Elevator Mut., Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "The function of Rule 15(a), which provides generally for the amendment of pleadings, is to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint or answer." 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1473. The trial court has considerable discretion when deciding whether to grant or deny a motion for leave to amend. *Addington*, 650 F.2d at 666. "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." *Local 472, United Ass'n of Journeymen and Apprentices of the Plumbing and Pipefitting Indus. v. Georgia Power Co.*, 684 F.2d 721, 724 (11th Cir. 1982); *see also Foman*, 371 U.S. at 182.

*Morrison v. McNeil*, 2009 WL 3028304 at * 9 (N.D. Fla. Sep. 17, 2009).

Here, Keith's motion for reconsideration stands unopposed by operation of Local Rule 7.5., since defendants have not responded to the motion. S.D. Ga. LR 7.5 ("Failure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Having considered the *Foman* factors, the Court sees no reason why leave to amend should be denied. Accordingly, Keith's motion for reconsideration is **GRANTED**. Keith may amend his complaint to add Officers Castro, Lord, Frazier, and Brown as defendants.[1]

**SO ORDERED** this 21st day of October, 2010.

s/G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[1] In their response to Keith's motion to amend, defendants asserted that the new parties should not be joined since they were added outside of the limitations period. (Doc. 53.) The Court declined to address the argument since defendants failed to properly brief it:

> For instance, they fail to cite Rule 15(c)(1), which directly addresses when an amendment relates back to the time of filing. Indeed, they cite no legal authority at all. (*Id.* at 1-5.) It is not the province of this Court to research and litigate on behalf of parties before it. If defendants file any further motions, briefs, or responses that raise legal arguments but cite no supporting legal authority, those filings will be treated as a nullity.

(Doc. 57 at 4 n.1.) As defendants still have not briefed the matter, the Court will not address it.